# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GAGLIARDI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0095 |
| | ) |
| D. MICHAEL FISHER, former | ) |
| Attorney General; KENNETH NYE, | ) |
| Supervisory Special Agent; DAVID K. | ) |
| FRATTARE, Special Agent; JACK | ) |
| O'BRIEN, Special Agent, Bureau of | ) |
| Criminal Investigations; | ) |
| COMMONWEALTH OF | ) |
| PENNSYLVANIA, OFFICE OF | ) |
| ATTORNEY GENERAL; | ) |
| BARBARA HAFER, Treasurer; | ) |
| MICHAEL CHAPEL, Treasury Investigator; | ) |
| COMMONWEALTH OF | ) |
| PENNSYLVANIA, OFFICE OF THE | ) |
| TREASURER, in their personal and official | ) |
| capacities, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

CONTI, District Judge.

In this memorandum order, the court considers the motion for relief from judgment or order and/or leave of court to appeal nunc pro tunc (Doc. No. 11), (the "motion"), filed by plaintiff John Gagliardi ("plaintiff" or "Gagliardi"). In essence, plaintiff is seeking to open the judgment entered in Civil Action No. 06-95 pursuant to Rule 60(b) of the Federal Rules of Civil Procedure or in the alternative for this court to permit him to file an untimely appeal. After considering the motion, the response to plaintiff's motion for relief from judgment filed by

defendants D. Michael Fisher, former Attorney General of Pennsylvania, Kenneth Nye, Supervisory Special Agent, David K. Frattare, Special Agent, Jack O'Brien, Special Agent, Bureau of Criminal Investigations, the Commonwealth of Pennsylvania, Office of Attorney General, Barbara Hafer, Treasurer of Pennsylvania, Michael Chapel, Treasury Investigator, and the Commonwealth of Pennsylvania, Office of the Treasurer, in their personal and official capacities (collectively referred to as "defendants"), the exhibits attached to the response and the plaintiff's pertinent authorities supporting the motion for relief from judgment order and/or leave of court to appeal nunc pro tunc, the court will deny plaintiff's motion.

## *Facts and Procedural History*

On March 16, 2007, this court issued its Memorandum Order (the "Memorandum Order"), which dismissed all plaintiff's federal claims and remanded all plaintiff's causes of action arising under state law to the Court of Common Pleas of Allegheny County. The action had been initially commenced in the Court of Common Pleas of Allegheny County and was removed to this court pursuant to 28 U.S.C. § 1441. In the Memorandum Order the court reviewed plaintiff's allegations which were accepted as true for purposes of deciding the motion to dismiss. The parties are considered to be familiar with the Memorandum Order, including the facts accepted as true in that decision, and those facts will not be repeated here. In the Memorandum Order, the court considered plaintiff's federal constitutional claims under 42 U.S.C. § 1983. The court summarized its conclusions in the Memorandum Order as follows:

> In summary, since section 1983 creates no substantive rights, plaintiff cannot proceed under section 1983 without alleging an underlying violation of federal law. Smith, 210 F.3d at 195. The Attorney General's Office and the

> Treasurer's Office are not "persons" within the meaning of section 1983. <u>Will</u>, 491 U.S. at 71. The complaint fails to allege that Fisher and Hafer were sufficiently involved with the handling of plaintiff's prosecution to warrant liability under section 1983. <u>Evancho</u>, 423 F.3d at 353-55. The facts alleged and all reasonable inferences from those facts drawn in favor of plaintiff establish that plaintiff cannot state a claim against Nye, Frattare, O'Brien or Chapel which constitutes a violation of the United States Constitution. Plaintiff's claims under section 1983, therefore, must be dismissed with prejudice. Given the specificity of the complaint, it is clear that any attempts by plaintiff to amend would be futile. <u>Shane</u>, 213 F.3d at 115 ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.").

Memorandum Order at 63.

Plaintiff did not appeal the court's decision dismissing his federal claims with prejudice. Plaintiff's case on his state law claims proceeded after remand in the Court of Common Pleas of Allegheny County. Defendants raised preliminary objections in the state court, including objections under the doctrines of sovereign and official immunity. The state court granted the objections and dismissed the state law claims with prejudice. On or about July 17, 2007, plaintiff filed a notice of appeal with the Pennsylvania Superior Court. On October 12, 2007, the state trial court filed its opinion on the objections.

On September 29, 2007, plaintiff filed the motion at issue with this court. Plaintiff requests this court grant him the right of appeal nunc pro tunc, or in the alternative, grant him relief under Rule 60(b) of the Federal Rules of Civil Procedure. The court will address each of those requests.

*Analysis*

**I. Timeliness of appeal**

The Memorandum Order entered by this court on March 16, 2007, was a final order subject to appeal pursuant to 28 U.S.C. § 1291. Under 28 U.S.C. § 2107(a), plaintiff had thirty days after the order was entered, or until April 16, 2007, to file an appeal. See FED. R. APP. PROC. 4(a). The failure to file within the time limit is jurisdictional. The Supreme Court in Bowles v. Russell, 127 S.Ct. 2360 (2007), considered the ability of a district court to extend a party's time for appeal beyond the period permitted by statute. In Bowles, the district court had provided the plaintiff a right to appeal which was beyond the period authorized by statute and the rules. The Court stated: "We have long and repeatedly held that the time limits for filing a notice of appeal are jurisdictional in nature." Id. at 2362. In Bowles, the Supreme Court made it clear that there are no equitable exceptions to the requirement that an appeal be filed in a timely matter and noted: "[w]hen an 'appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction.'" Id. at 2366 (quoting United States v. Curry, 6 How. 106, 113, 12 L.Ed. 363 (1848)). Thus, even if a district court desired to extend the time for filing an appeal, the district court would lack jurisdiction to extend the time. It is undisputed that plaintiff failed to appeal the Memorandum Order of this court dated March 16, 2007, within the time set by statute. Under those circumstances this court lacks jurisdiction to grant a nunc pro tunc exception and thus cannot consider or grant plaintiff's request.

## II. Relief under Rule 60(b)

"The remedy provided by Rule 60(b) is 'extraordinary, and special circumstances must justify granting relief under it'." Moolenaar v. Gov't of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987)(quoting Page v. Schweiker, 786 F.2d 150, 158 (3d Cir. 1986)). Plaintiff moves to open the judgment in this case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides:

> **Rule 60. Relief from a Judgment or Order**
>
> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

FED. R. CIV. PROC 60(b).

Plaintiff does not specify which subsection of Rule 60(b) he is relying upon for the court to grant relief from the Memorandum Order. The arguments set forth by the plaintiff for the court to grant relief under Rule 60(b) are in essence raising issues with the court's legal

5

conclusions in the Memorandum Order. For example, plaintiff in paragraph 5 of his motion asserts "that the federal district court's disposal of this case was mistaken and inadvertent." Motion ¶ 5. It also asserts that he "has an arguable false arrest claim and a claim sounding in malicious or bad faith prosecution. . . ." Motion ¶ 6. This court in the Memorandum Order addressed the issues raised with respect to those claims in detail and the arguments plaintiff is attempting to assert at this time merely illustrate his desire to take issue with the court's legal analysis. Motion at 34-46.

Finally, plaintiff takes issue with what he considers to be "an overbroad construction of what probable cause is" in dismissing his federal claims. Motion ¶ 8. He then seeks leave to appeal nunc pro tunc or in the alternative to "resuscitate the civil rights claim component of this case." Motion ¶ 10. In plaintiff's notice of pertinent authority he cites to Rodis v. San Francisco, 499 F.3d 1094 (9th Cir. 2007). By citing to that decision, plaintiff seeks to attack the legal analysis of the court in the Memorandum Order. In Rodis the United States Court of Appeals for the Ninth Circuit considered an interlocutory appeal from an order of a district court which had dismissed a suit against the City of San Francisco and its police chief, but had rejected qualified immunity for two officers who had been involved in an arrest of the plaintiff. The plaintiff brought a suit under 42 U.S.C. § 1983 asserting that his rights were violated due to an arrest for violating 18 U.S.C. § 472, possession or use of counterfeit currency. The factual background reflected that the officers conceded that the plaintiff had been arrested "without evidence he used the bill with the intention to defraud or that he believed the bill to be fake." In Rodis it was undisputed that the bill in issue was not counterfeit. Under those circumstances, the court found there was no probable cause for the arrest.

This court in the Memorandum Order reviewed the issue of probable cause raised by the plaintiff in connection with his argument relating to the particularity of the warrant. The factual background of this case is different from the factual background in Rodis including that the document in issue in this case was a forgery. In the Memorandum Order the court discussed in detail the legal issues raised with respect to probable cause. Memorandum Order 29-39. In essence, plaintiff, in the motion, argues that the legal analysis of the Memorandum Order was flawed.

Plaintiff's desire to challenge the legal analysis set forth in Memorandum Order does not merit relief under Rule 60(b). Plaintiff's arguments should have been raised on appeal and cannot be raised in a collateral attack. See Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988). Legal error alone does not justify the grant of a Rule 60(b) motion. Smith, 853 F.2d at 158; Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977) ("['C]ourts must be guided by "the well established principle that a motion under rule 60(b) may not be used as a substitute for an appeal.'") (quoting In re Imperial "400" National, Inc. , 391 F.2d 163, 172 (3d Cir. 1968).

### *Conclusion*

The court lacks jurisdiction to grant a right to appeal nunc pro tunc and a Rule 60(b) motion cannot be granted because plaintiff is raising issues under Rule 60(b) that should have been addressed on appeal. The motion seeking relief under Rule 60(b) cannot be a substitute for an appeal. Martinez-McBean, 562 F.2d at 912 ("It is obvious that this factor – legal error – does not by itself warrant the application of Rule 60(b).").

7

*Order*

**AND NOW**, this 26th day of February, 2008, for the reasons set forth above, the motion for relief from judgment or order and/or leave of court to appeal nunc pro tunc filed by plaintiff John Gagliardi (Doc. No. 11) is hereby **DENIED**. By reason of the denial of the motion the motion for oral argument (Doc. No. 15) filed by plaintiff John Gagliardi is hereby denied as moot.

By the court,

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc: Counsel of Record
    John Gagliardi
    191 Wall Road
    Jefferson Hills, Pa. 15025